IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROME ROBERT DENNIS, | No. 2:12-cv-2046-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| SOLANO COUNTY JAIL, et al., | |
|     Defendant. | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be

viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. Plaintiff indicates his need for counsel stems from his mental health issues, including his diagnosis of bi-polar with borderline personality disorder. However, such a diagnosis does not necessarily indicate a limitation in cognitive abilities, and plaintiff has provided no support for the court to conclude that he does not have the ability to understand these proceedings and follow court orders. In addition, it does not appear at this stage of these proceedings, that plaintiff is unable to proceed in pro per. However, this request will be denied without prejudice, and the court may reconsider the appointment of counsel later in these proceedings if requested and it appears plaintiff is unable to understand the proceedings and continue representing himself.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 6) is denied.

DATED: January 7, 2013

                                                  **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE