IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROME ROBERT DENNIS,                     No. 2:12-cv-2046-CMK-P

        Plaintiff,

    vs.                                                    ORDER

SOLANO COUNTY JAIL, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff makes the following statement of his claim:

> On March 7, I entered Solano County Jail. I have been a mental Health patient for 20 yrs and am at the level of enhanced out patient treatment. I have 7 suicide attempts and have been on a number of medication[s]. I've been diagnosed Bipolar-Borderline Personality disorder. I've asked for help and treatment and I've been denied. I am required to have therapy every day for 6 hours when I ask for this I get punished and tortured by being put in the rubber room. Im being neglected.

(Compl., Doc. 1, at 3).

## II.  DISCUSSION

Plaintiff's complaint suffers from several defects. First, plaintiff fails to identify who the defendants are. He only names the Solano County Jail and Mental Health Staff. He names no individuals who are or could be responsible for his lack of treatment. He indicates there are several Doe defendants, but it is plaintiff's responsibility to identify and name the proper defendants.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which

2

complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, plaintiff fails to make any factual allegations against any defendant, including the Doe defendants.  Rather, he simply claims he did not receive necessary treatment while in jail.  Such allegations are insufficient.  Plaintiff must set forth specific facts as to what happened and who was responsible.

In addition, the only defendants plaintiff names are the Solano County Jail and the Mental Health Staff.  The Mental Health Staff would apparently include the Doe defendants.  However, the Jail would be considered a municipal, not an individual, defendant.

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and municipal government officials are also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

/ / /

There are no such allegations in plaintiff's compliant. Rather, he simply claims his mental health was neglected. Again, such allegations are insufficient to meet the necessary pleading standards.

Finally, as to his actual claim of being denied mental health treatment, the treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

1 is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily
2 activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See
3 Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).
4         The requirement of deliberate indifference is less stringent in medical needs cases
5 than in other Eighth Amendment contexts because the responsibility to provide inmates with
6 medical care does not generally conflict with competing penological concerns.  See McGuckin,
7 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to
8 decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
9 1989).  The complete denial of medical attention may constitute deliberate indifference.  See
10 Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
11 treatment, or interference with medical treatment, may also constitute deliberate indifference.
12 See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also
13 demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.
14         Negligence in diagnosing or treating a medical condition does not, however, give
15 rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a
16 difference of opinion between the prisoner and medical providers concerning the appropriate
17 course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,
18 90 F.3d 330, 332 (9th Cir. 1996).
19         Here, plaintiff alleges little more than negligence, stating he felt neglected.  He
20 claims he asked for help and was denied, but fails to state who or how he asked for help, and who
21 denied him help.  He fails to allege any facts to indicate actual deliberate indifference, nor does
22 he indicate for how long he went without receiving the treatment he believes was necessary.
23 Plaintiff simply fails to allege sufficient facts for this court to determine whether he can state a
24 claim.
25 / / /
26 / / /

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

///

///

        2.       Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: November 20, 2013

                                                  /s/ Craig M. Kellison
                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE